**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDWARD BOROUGHF,

    Defendant - Appellant.

No. 19-1085
(D.C. No. 1:18-CR-00013-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Following his acceptance of a plea agreement that included a waiver of his

right to appeal, Edward Boroughf pleaded guilty to assault with a dangerous weapon,

in violation of 18 U.S.C. § 113(a)(3). He was sentenced to 84 months' imprisonment

pursuant to a stipulation in the plea agreement. Despite his waiver, Boroughf filed a

notice of appeal. The government has moved to enforce his appeal waiver. *See*

*United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating a motion to enforce a waiver, we consider: "(1) whether the

disputed appeal falls within the scope of the waiver of appellate rights; (2) whether

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Boroughf has filed a response conceding that he waived his right to direct appeal. Aplt. Resp. at 2.

Our independent review confirms that Boroughf's appeal waiver is enforceable. As he concedes, his appeal issues fall within the scope of his waiver or are issues not appropriately raised on direct appeal. The plea agreement clearly sets forth the appeal waiver and states that it was knowing and voluntary, and the district court confirmed Boroughf's understanding of his appeal waiver during his change of plea hearing. Moreover, we see no evidence contradicting Boroughf's knowing and voluntary acceptance of the appeal waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is granted and this matter is dismissed.

Entered for the Court
Per Curiam